Robert N. H. Christmas (RC 6189)
Nixon Peabody LLP
437 Madison Avenue
New York, New York 10022
Tel.:  (212) 940-3103
Fax:  (212) 940-3111
email:  rchristmas@nixonpeabody.com

**Attorneys for the Plaintiff**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MICHAEL WERDIGER, INC. and                      :
ADAMAS MANUFACTURING CORPORATION,   :
                                                                          :
                               Plaintiffs,    :    Case No.:  07 Civ. 6934 (LMM)
                                                                          :
         - against -                              :
                                                                          :
LUCENT DIAMONDS, INC. and                          :
ALEX GRIZENKO,                                              :
                                                                          :
                              Defendants.    :
------------------------------------------------------------------ x

DECLARATION IN SUPPORT OF MOTION
FOR ENTRY OF DEFAULT JUDGMENT

STATE OF NEW YORK        )
                                              :  ss.:
COUNTY OF NEW YORK   )

       ROBERT N. H. CHRISTMAS, pursuant to 28 U.S.C. § 1746, declares as follows:

       1.      I am admitted to practice before this Court and the courts of the State of New York, and am a Partner of Nixon Peabody LLP, attorneys for Plaintiffs Michael Werdiger, Inc. ("MWI") and Adamas Manufacturing Corporation ("Adamas" and, collectively with MWI, "Plaintiffs").  I am fully familiar with the facts and documents hereinafter set forth.

2. I make this Declaration in support of Plaintiffs' Motion for entry of default judgment against defendants, Lucent Diamonds, Inc. ("Lucent") and Alex Grizenko ("Grizenko"), pursuant to Rule 55.1 and 55.2(b) of the Civil Rules of this Court and pursuant to Federal Rule of Civil Procedure 55(b)(2), for failure to appear, answer, plead, or move with respect to the Complaint, despite due service upon them, in the principal amount of $276,530.80 plus late fees and collection costs (including the fees, costs and expenses of this action) as provided in the governing documents. (See proposed Order granting this Motion, and proposed Default Judgment, attached together as Exhibit 1 hereto.) Given that Lucent and Grizenko are the only defendants, entry of judgment will conclude this action.

Basis of the Litigation

3. The facts underlying this litigation are set forth in full in the Complaint ("Compl."), a copy of which is attached as Exhibit 2. As alleged in the Complaint, Lucent received and accepted without objection the invoices issued by MWI and Adamas for the goods and services sold by MWI and Adamas to Lucent (collectively, the "Invoices"). The dates and amounts of the Invoices are listed in Exhibit B to the Complaint. As further alleged in the Complaint, pursuant to a personal guaranty (the "Guaranty") executed and delivered by Grizenko, among other things Grizenko personally guaranteed full, faithful and complete performance by Lucent of all covenants, promises, conditions, obligations and warranties on the part of Lucent to be observed and performed in connection with past, present, and future purchases, including without limitation all sums due under the Invoices. See Complaint Exhibit A. As described in the Complaint, demand was made upon Lucent and Grizenko for the sums due and owing to MWI and Adamas, but Lucent and Grizenko have failed to make payment.

4. This action was filed on August 2, 2007. Defendant Lucent was served with a copy of the Summons and Complaint pursuant to Section 307 of the New York Business

Corporation Law ("B.C.L.") on August 6, 2007, through the New York Secretary of State and registered mail. Proof of that service is attached here as Exhibit 3.

5. Pursuant to the terms of the Guaranty executed by Defendant Alex Grizenko, a copy of which is attached to the Complaint as Exhibit A, he agreed that service upon Defendant Lucent Diamonds, Inc. would constitute service upon him. Accordingly, in addition to service upon Lucent Diamonds, Inc. pursuant to Section 307 of the BCL (described in Exhibit 3 to this Declaration), a separate service of the Summons and Complaint was made on August 3, 2007 by certified mail to Defendant Alex Grizenko in care of Lucent Diamonds, Inc. Proof of that service is attached here as Exhibit 4.

6. Grizenko has acknowledged receipt of the Summons and Complaint, in an email dated August 22, 2007. A true copy of that email is attached here as Exhibit 5.

7. More than 20 days has passed since service of the Summons and Complaint on each Defendant. Accordingly, the period for answering or otherwise responding to the Complaint pursuant to Federal Rule of Civil Procedure 12(a) has expired.

8. Hence, on August 30, 2007, Plaintiffs applied to the Clerk of this Court for entry of default against Lucent and Grizenko pursuant to Federal Rule of Civil Procedure 55(a) (the "Application"). On August 31, 2007, the Clerk of this Court certified defendants' default in this case (the "Certificate"). Both the Application and the Certificate have been entered electronically on the docket in this case. A true copy of the Certificate is attached here as Exhibit 6.

9. On or about November 9, 2007, Daniel Duggan, Esq., of Arvada Colorado, contacted me by telephone, and indicated he would be representing Lucent and Grizenko in the

- 3 -

underlying dispute between the parties. However, Mr. Duggan indicated that Lucent and Grizenko would not be opposing this Motion.

10. Hence, as of the date of this declaration, there has been no response or appearance of any kind from Defendants to the Summons and Complaint.

11. Accordingly, Defendants are in default for its failure to appear, answer, plead or move with respect to the Summons and Complaint.

Amount of Judgment

12. Pursuant to the terms of the Invoices, Lucent is obligated to pay MWI and Adamas late payment fees (or interest) of 1% per month (.03% per diem) on amounts due and owing, respectively, to MWI and Adamas. Attached as Exhibit 8 is an exemplar of the Invoices issued to Lucent, with the governing language concerning late fees and costs of collection. Accordingly, there is due and owing from Lucent and Grizenko late payment fees on the principal obligations of Lucent. If calculated through December 15, 2007, that amount is the sum of $155,524. Attached as Exhibit 7 to the Christmas Declaration is Plaintiffs' calculation of interest through that date.

13. Pursuant to the terms of the Invoices, Lucent is also obligated to reimburse MWI and Adamas for all reasonable expenses of collection of the sums due and owing. Attached as Exhibit 9 is a summary of the attorneys' fees, costs and disbursements incurred by Plaintiffs' from my engagement in this matter through the filing of this Motion. The services required in this matter included, among other principal services, counseling the client; review of underlying documents and Invoices; preparation of the Summonses, Complaint and exhibits thereto; carrying out filing and service of the Summons and Complaint, including filing of documents and payment of fees as required for service by the New York Secretary of State, and preparation

of proofs of service; preparation of the application for entry of default; and preparation of this Motion and its exhibits. The time entries for each professional and paraprofessional (Ms. Philips and Mr. Pasterick are paralegals) are entered on a contemporaneous basis with the services rendered. For reasons of client confidentiality, the actual invoices are not attached here, but are available for *in camera* review if the Court so requires.[1]

No Inquest is Required

14. Plaintiffs seek monetary relief against the defaulting defendants, which is available from this Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. No inquest is required, nor would one be appropriate here, because this is a collection matter governed by the express terms of the Invoices and the Guaranty. The Second Circuit has held that under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991), *cert. denied*, 112 S. Ct. 1763 (1992) (Rule 55(b) "does not require the district judge to conduct a hearing").

15. Moreover, in this instance, the amount of damages claimed by Plaintiffs is based on the actual, specific amounts due under Plaintiffs' Invoices, and Grizenko's Guaranty. Therefore, an inquest on damages is unnecessary here. *See Fustok*, 873 F.2d at 40; *accord Action S.A.*, 951 F.2d at 508.

---

[1] If Plaintiffs are required to expend additional sums in connection with this Motion or otherwise in connection with collection of the Invoices, Plaintiffs will submit a supplement to this branch of the Motion.

16. Lucent is a corporation and Grizenko is over 18 years of age, and, accordingly, no defendant is a minor, incompetent or in the military service of the United States of America.

17. As Defendants are in default by reason of its failure to appear, answer, plead, or move with respect to this action, Plaintiffs request that this Court enter the default judgment annexed hereto as <u>Exhibit 1</u> declaring that there is due and owing from Lucent and Grizenko (a) principal and interest under the Invoices, totaling $432,055.12 including interest through December 15, 2007, and (b) the collection costs sustained by MWI and Adamas, including the fees, disbursements and costs in bringing this action.

Executed under penalty of perjury this 16th day of November, 2007.

       /s/ Robert N. H. Christmas      
            Robert N. H. Christmas